IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:18-cv-2000 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JUAN JACKSON, individually and d/b/a Juan's ) | |
| Tax Service, Accounting Services, and Nuday ) | |
| Financial, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**COMPLAINT**

Plaintiff United States of America, pursuant to 26 U.S.C. ("I.R.C.") §§ 7402(a), 7407, and 7408, with the authorization and sanction, and at the request, of a delegate of the Secretary of the Treasury and at the direction of a delegate of the Attorney General, brings this action to request that an injunction be issued barring Juan Jackson ("Jackson"), individually and doing business as Juan's Tax Service, as Accounting Services, and as Nuday Financial, from acting as a federal return preparer and from operating any tax preparation business. In support of this action, the United States alleges as follows:

**Jurisdiction and Venue**

1. Jurisdiction exists under 28 U.S.C. §§ 1340 and 1345, and I.R.C. § 7402(a).

2. Venue is proper in this Court under 28 U.S.C. § 1391 because Juan Jackson resides in this judicial district and a substantial portion of the events giving rise to this action took place in this judicial district.

1

3. In addition, venue is proper in this Court under 28 U.S.C. § 1391 because Juan Jackson has conducted his tax return preparation business through a number of unincorporated entities within this judicial district.

**The Defendant**

4. On information and belief, Jackson has been preparing federal tax returns for customers for compensation since at least 2009.

5. Jackson changes the location at which he prepares returns on an annual basis. On information and belief, Jackson prepared tax returns at a location in Orland Park, Illinois in 2014, and at a location in Homewood, Illinois in 2015.

6. On information and belief, Jackson does not employ any persons as tax return preparers.

7. On information and belief, Jackson charges customers 10 percent of the refund they receive to prepare their returns.

**Jackson's Fraudulent Tax Preparation Activities**

8. The IRS opened an examination of Jackson's return preparation practices in 2016. Although Jackson does not sign the tax returns he prepares, the IRS determined that Jackson prepared at least 182 tax returns for tax year 2015.

9. As part of its investigation, the IRS interviewed 15 of Jackson's customers and reviewed their 2015 tax returns.

10. Of the 15 returns reviewed by the IRS, 14 contained deficiencies that required IRS adjustment. Those 14 reviewed returns, which comprise only eight percent of the returns identified by the IRS as having been prepared by Jackson for tax year 2015, collectively

underreported customers' tax liabilities by $109,167.00, an average deficiency of $7,798.00 per return.

11. In reviewing returns prepared by Jackson and interviewing his customers, the IRS determined that Jackson has engaged in a pattern and practice of violating the federal tax laws.

*Schedule C Manipulation*

12. The Schedule C, Profit or Loss from Business, is a form attached to an individual's federal income tax return (Form 1040) which is used to report profits and losses from a sole proprietorship. Many of the returns Jackson prepares report large losses from Schedule C businesses which offset income from other sources and generate refunds for those customers.

13. Of the 15 returns reviewed by the IRS, 14 contained false or fraudulent self-employment income and/or expenses reported on Schedule C.

14. During interviews with the IRS, multiple of Jackson's customers reported to the IRS that they had no Schedule C business and never told Jackson that they did.

15. Jackson is able to utilize this scheme by taking advantage of the fact that most self-employment income and expenses (reported on Schedule C) are self-reported. As there is no independent third-party reporting of self-employment income, there is no way for the IRS to verify the numbers reported on Schedule C without conducting an examination.

*Fraudulent Filing Statuses*

16. Jackson prepared tax returns for customers reflecting advantageous filing statuses to which the customers were not entitled.

17. "Head of Household" filing status may be claimed only by a person: (A) who is not married or deemed not to be married; (B) who has a qualifying person living in their home as

that person's primary residence for more than half the year; and (C) who provides more than half the cost of maintaining the household. *See* I.R.C. §2(b).

18. Jackson prepared tax returns for his customers claiming Head of Household filing status for people who were ineligible for that status either because they were married, did not have qualifying persons living with them for more than half the year, or did not provide more than half the cost of maintaining the household.

19. By using these fraudulent schemes either to obtain for his customers refunds to which they would not otherwise be entitled or to minimize customers' tax liabilities, Jackson has been able to increase the number of customers who use his services and thereby to increase his profit from preparing and filing fraudulent tax returns.

### Other Conduct by Jackson that Interferes with Tax Administration

20. Tax return preparers are required to furnish a completed copy of any return they prepare to their customers under 26 U.S.C. § 6107(a).

21. On information and belief, Jackson failed to provide his customers with copies of returns he prepared.

22. Tax return preparers are required to sign returns they prepare for customers, regardless of whether those returns are transmitted to the IRS in paper form or electronically, under 26 C.F.R. § 1.6695-1(b).

23. Tax return preparers must obtain a unique Preparer Tax Identification Number ("PTIN") from the Internal Revenue Service, as required by 26 C.F.R. § 1.6109-2(d). Tax return preparers have to renew their PTIN annually.

24. Tax return preparers must identify themselves on all tax returns they have prepared by providing their PTIN, as required by I.R.C. § 6109(a)(4).

25. Tax preparers who wish to file tax returns electronically with the IRS must obtain an Electronic Filing Identification Number ("EFIN") for themselves or their business.

26. Tax return preparers must provide their EFIN on the returns they file electronically.

27. The IRS refers to tax return preparers who do not identify themselves on the tax returns they prepare, either by putting their name or their PTIN and/or EFIN, as "ghost preparers."

28. Jackson's PTIN expired on December 31, 2014, and he has not renewed or reactivated his PTIN in the time since it expired.

29. Jackson prepared and electronically filed with the IRS on behalf of customers tax returns that purport to be self-prepared by the customer and that Jackson did not sign as the preparer or provide his PTIN or EFIN.

**CUSTOMER 1:**

30. On information and belief, for tax year 2015, Jackson prepared the tax return of Customer 1. On information and belief, Jackson also prepared Customer 1's tax return for tax year 2014.

31. Jackson did not list himself as the paid preparer on either Customer 1's 2014 or 2015 tax returns and did not put his PTIN or EFIN on either return.

32. On Customer 1's 2015 tax return, Jackson prepared a Schedule C which reported that Customer 1 operated a computer repair business that had $12,030.00 in gross receipts and $49,075.00 in total expenses in 2015, for a total business loss of $37,045.00. On information and belief, Customer 1 did not operate a computer repair during 2015, did not discuss any Schedule

C business with Jackson, and did not provide the gross receipts and expense amounts reported on the Schedule C to Jackson.

33. On information and belief, Jackson's fraudulent preparation of Customer 1's 2015 tax return resulted in the return underreporting Customer 1's tax liability for that year by $11,157.00.

**CUSTOMER 2:**

34. On information and belief, for tax year 2015, Jackson prepared the tax return of Customer 2. On information and belief, Jackson has prepared Customer 2's tax returns since 2012.

35. Jackson did not list himself as the paid preparer on Customer 2's 2015 tax return and did not put his PTIN or EFIN on the return.

36. On Customer 2's 2015 tax return, Jackson claimed Head of Household filing status. On information and belief, Customer 2 lived with her daughters and her mother during 2015 and her mother paid more than half the cost of keeping up the home. On information and belief, Jackson did not ask Customer 2 any questions regarding her filing status and Customer 2 did not tell Jackson anything about her living situation.

37. On Customer 2's 2015 tax return, Jackson prepared a Schedule C which reported that Customer 2 operated a home health care business that had gross receipts of $4,100.00 and $14,600.00 in total expenses in 2015, for a total business loss of $10,500.00. On information and belief, Customer 2 did not operate a home health care business during 2015, and did not discuss any Schedule C business with Jackson.

38. On information and belief, Jackson's fraudulent preparation of Customer 2's 2015 tax return resulted in the return underreporting Customer 2's tax liability for that year by $2,718.00.

**CUSTOMER 3:**

39. On information and belief, for tax year 2015, Jackson prepared the tax return of Customer 3. On information and belief, Jackson prepared Customer 3's 2014 tax return as well.

40. Jackson did not list himself as the paid preparer on Customer 3's 2015 tax return and did not put his PTIN or EFIN on the return.

41. On Customer 3's 2015 tax return, Jackson prepared a Schedule C which reported that Customer 3 operated a residential contractor business that had $15,000.00 in gross receipts and $66,525.00 in total expenses in 2015, for a total business loss of $51,525.00. On information and belief, Customer 3 operated a maintenance business in 2015 which had gross receipts of $2,000.00 and expenses of less than $700.00. On information and belief, Customer 3 did not provide the gross receipts and expense amounts reported on the Schedule C to Jackson.

42. On information and belief, Jackson's fraudulent preparation of Customer 3's 2015 tax return resulted in the return underreporting Customer 3's tax liability for that year by $9,502.00.

**CUSTOMER 4:**

43. On information and belief, for tax year 2015, Jackson prepared the tax return of Customer 4. On information and belief, Jackson prepared Customer 4's 2014 tax return as well.

44. Jackson did not list himself as the paid preparer on Customer 4's 2015 tax return and did not put his PTIN or EFIN on the return.

45. On Customer 4's 2015 tax return, Jackson prepared a Schedule C which reported that Customer 3 operated a home decorating business that had $8,000.00 in gross receipts and $47,500.00 in total expenses in 2015, for a total business loss of $39,500.00. On information and belief, Customer 4 did not operate a home decorating business during 2015, did not discuss a home decorating business with Jackson, and did not provide the gross receipt or expense amounts reported on the Schedule C to Jackson.

46. On information and belief, Jackson's fraudulent preparation of Customer 4's 2015 tax return resulted in the return underreporting Customer 4's tax liability for that year by $9,948.00.

47. On information and belief, Jackson did not provide Customer 4 with a copy of her 2015 tax return.

### Harm to the United States

48. The fraudulent returns prepared and filed by Jackson have caused and continue to cause substantial harm to the Government by fraudulently reducing customers' reported tax liabilities, helping taxpayers to obtain fraudulent refunds and evade taxes, and obstructing the IRS's efforts to administer the federal tax laws.

49. Jackson's fraudulent conduct—which is essentially stealing from the United States Treasury—has caused significant damage to the fisc. The IRS's audits show an actual harm to the United States of over $100,000.00. Because only a small portion of the returns that Jackson prepared have been audited, it is likely that the harm done to the United States by Jackson's fraudulent tax return preparation activities exceeds $100,000.00.

50. The United States is also harmed because the IRS must devote some of its limited resources to investigating Jackson's conduct as a tax return preparer, detecting and examining

inaccurate and fraudulent returns filed by Jackson, and attempting to assess and collect from his customers unpaid taxes and penalties, some of which may not be collectible.

51. The United States is also harmed by Jackson's deliberate refusal to identify himself as the preparer of his customers' returns, either with his name or by using his PTIN and EFIN on the returns, as such actions thwart the IRS's ability to administer the Internal Revenue Code and to identify fraudulent tax preparers.

52. Jackson's customers have been harmed because they have paid Jackson to prepare tax returns, and they now may be liable for sizable penalties and interest as a result.

53. In addition to the direct monetary and administrative harm caused by preparing returns that understate customers' tax liabilities, Jackson's illegal activities undermine public confidence in the administration of the federal tax system and encourage noncompliance with the internal revenue laws.

54. Jackson's illegal conduct also causes intangible harm to honest tax return preparers, because by preparing returns that falsely or fraudulently inflate his customers' refunds, Jackson gains an unfair competitive advantage over tax return preparers who do not do so and who as a result may have fewer customers.

**Count I: Injunction under I.R.C. § 7407 for Violation of I.R.C. §§ 6694 and 6695**

55. The United States incorporates by reference the allegations in paragraphs 1 through 54.

56. A court is authorized to enjoin a tax return preparer who engages in conduct subject to penalty under I.R.C. §§ 6694 or 6695, pursuant to I.R.C. § 7407.

57. I.R.C. § 7701(a)(36) defines a "tax return preparer" as a person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return or a substantial portion thereof.

58. Jackson is a tax return preparer within the meaning of I.R.C. § 7701(a)(36).

59. I.R.C. § 6694(a) penalizes a tax return preparer if: (1) the preparer prepares a return or claim for refund that includes an understatement of liability due to a position for which there is not a realistic possibility of being sustained on the merits; (2) the preparer knew (or reasonably should have known) of such position; and (3) the position was not properly disclosed or was frivolous.

60. I.R.C. § 6694(b) penalizes a tax return preparer who prepares a return or claim with an understatement of liability: (1) in a willful attempt to understate the liability; or (2) with a reckless and intentional disregard of rules or regulations.

61. I.R.C. § 6695(a) penalizes a tax preparer who, in violation of I.R.C.§ 6107(a), fails to timely provide a copy of any tax return they prepare to the customer for whom the return was prepared.

62. I.R.C. § 6695(b) penalizes a tax preparer who, in violation of 26 C.F.R. § 1.6695-1(b), fails to sign tax returns they prepare.

63. I.R.C. § 6695(c) penalizes a tax preparer who, in violation of I.R.C. § 6109(a)(4), prepares a return that does not bear the preparer's identification numbers.

64. In violation of I.R.C. § 6694(a), Jackson prepared returns for customers that understated his customers' tax liabilities and that he knew or should have known contained positions for which there was no substantial authority or for which there was no reasonable basis.

65. In violation of I.R.C. § 6694(b), Jackson willfully prepared tax returns for customers that he knew contained false or inflated Schedule C expenses in order to understate her customers' tax liabilities.

66. In violation of I.R.C. § 6695(a), Jackson failed to timely provide his customers with copies of returns he prepared.

67. In violation of I.R.C. § 6695(b), Jackson failed to sign tax returns that he prepared for customers.

68. In violation of I.R.C. § 6695(c), Jackson prepared tax returns that did not bear his PTIN and/or EFIN.

69. Anything less than a permanent injunction and complete bar on the preparation of tax returns is unlikely to stop Jackson from preparing fraudulent tax returns because Jackson has shown flagrant disregard for the internal revenue laws.

**Count II: Injunction under I.R.C. § 7408 for Violation of I.R.C. § 6701**

70. The United States incorporates by reference the allegations in paragraphs 1 through 69.

71. A court is authorized to issue an injunction if an income tax preparer engages in conduct subject to penalty under I.R.C. § 6701, pursuant to I.R.C. § 7408.

72. I.R.C. § 6701 penalizes any person who (1) aids or assists in, procures, or advises with respect to, the preparation or presentation of any portion of a return, affidavit, claim or other document; (2) knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws; and (3) knows that such portion (if so used) would result in an understatement of the liability for tax of another person.

73. Jackson has engaged in conduct subject to penalty under I.R.C. § 6701 by preparing and filing fraudulent tax returns on behalf of customers who obtain unwarranted refunds as a result.

74. In violation of I.R.C. § 6701, Jackson prepared returns that he knew or had reason to know would be used as to material matters under federal tax law and that he knew would result in understatements of customers' tax liabilities.

75. Jackson's schemes have caused and continue to cause substantial harm to the government by fraudulently reducing customers' reported tax liabilities, inducing the IRS to issue fraudulent refunds, and obstructing the IRS's efforts to administer federal tax laws.

76. The magnitude of the lost tax revenue caused by Jackson's fraudulent conduct is substantial. As discussed above, the known tax loss to the government is over $100,000.00.

77. The United States also is harmed because the IRS must continually devote its limited resources to detecting and examining inaccurate returns filed by Jackson and to attempting to assess and collect unpaid taxes from his customers.

78. An injunction against Jackson is necessary and appropriate to prevent the recurrence of this conduct, and to prevent Jackson from engaging in any other conduct subject to penalty under the Internal Revenue Code.

**Count III: Injunction under I.R.C. § 7402(a) for Unlawful Interference with Enforcement of the Internal Revenue Laws and Appropriateness of Injunctive Relief**

79. The United States incorporates by reference the allegations in paragraphs 1 through 78.

80. A court is authorized to issue orders of injunction as may be necessary or appropriate to enforce the internal revenue laws, pursuant to I.R.C. § 7402(a).

81. I.R.C § 7402(a) expressly provides that its injunction remedy is "in addition to and not exclusive of" other remedies for enforcing the internal revenue laws.

82. Jackson's activities described above substantially interfere with the enforcement of the internal revenue laws because his preparation and filing of numerous fraudulent tax returns resulted in customers not paying their true federal tax liabilities and receiving tax refunds to which they were not entitled.

83. In addition, Jackson violated the IRS's rules requiring tax return preparers to identify themselves on returns they prepare by deliberately refusing either to sign returns or to provide his PTIN or EFIN on returns he prepared for customers.

84. An injunction prohibiting Jackson from preparing or assisting in the preparation of tax returns is needed to stop him from preparing or filing fraudulent tax returns and to prohibit him from otherwise interfering with the proper administration and enforcement of the internal revenue laws now and in the future.

85. If Jackson is not enjoined, the United States will suffer irreparable harm from the underpayment of taxes and the exhaustion of resources to enforce the internal revenue laws.

86. The public interest would be advanced by enjoining Jackson because an injunction will stop his illegal conduct and stop the harm that conduct is causing the United States Treasury and the public.

87. An injunction under Section 7402 is necessary and appropriate, and the United States is entitled to injunctive relief under Section 7402. The injunction, as detailed below, should bar Jackson and anyone acting in concert with him, from preparing or filing tax returns for others, representing customers before the IRS, and from otherwise engaging in conduct that interferes with the proper administration of the internal revenue laws.

WHEREFORE, the United States of America, prays for the following:

A. That the Court find that Jackson has continually and repeatedly engaged in conduct subject to penalty under I.R.C. §§ 6694 and 6695, that, pursuant to I.R.C. § 7407, an injunction merely prohibiting conduct subject to penalty under I.R.C. §§ 6694 and 6695 would not be sufficient to prevent Jackson's interference with the proper administration of the tax laws, and that Jackson should be permanently enjoined from acting as an income tax return preparer, and from operating a tax return preparation business;

B. That the Court find that Jackson has engaged in conduct subject to penalty under I.R.C. § 6701, and that injunctive relief under I.R.C. § 7408 is appropriate to prevent a recurrence of that conduct;

C. That the Court find that Jackson has interfered with the enforcement of the internal revenue laws and that injunctive relief is appropriate to prevent the recurrence of that conduct pursuant to I.R.C. § 7402(a) and under the Court's inherent equity powers;

D. That this Court, pursuant to I.R.C. §§ 7402(a), 7407, and 7408, enter a permanent injunction enjoining Jackson, his officers, agents, servants, employees, and attorneys, and anyone in active concert or participation with him, from directly or indirectly:

1. Preparing or assisting in the preparation of federal tax returns, amended returns, and other related documents and forms for anyone other than himself;

2. Advising, counseling, or instructing anyone about the preparation of a federal tax return;

3. Filing or assisting in the filing of a federal income tax return for anyone other than himself;

4. Owning, managing, controlling, working for, or volunteering for a tax-return preparation business;

5. Maintaining, assigning, holding, using, or obtaining a Preparer Tax Identification Number (PTIN) or an Electronic Filing Identification Number (EFIN);

6. Preparing or assisting in the preparation of an application for an Individual Tax Identification Number (ITIN);

7. Representing customers in connection with any matter before the IRS;

8. Referring any person, for compensation or otherwise, to a tax preparation business;

9. Advertising any return preparation business or preparer in any medium, including print, online, and/or via social media;

10. Employing any person to work as a federal income tax return preparer; and/or

11. Engaging in any conduct that substantially interferes with the administration and enforcement of the internal revenue laws.

E. That this Court, pursuant to I.R.C. §§ 7402(a), 7407, and 7408, enter a permanent injunction enjoining Jackson, his officers, agents, servants, employees, and attorneys, and anyone in active concert or participation with him, from directly or indirectly operating any tax preparation business as a going business and from advertising any tax preparation business in any medium, including print, online, and/or via social media;

F. That the Court, pursuant to I.R.C. § 7402(a), enter an order requiring Jackson to produce to counsel for the United States, within thirty days of the Court's order, a list that identifies by name, social security number, address, e-mail address, and telephone number and

tax period(s) all persons for whom he or any of his employees prepared federal tax returns or claims for a refund, for tax years beginning in 2012 and continuing through this litigation;

  G. That the Court, pursuant to I.R.C. §§ 7402(a), enter an order requiring Jackson within 30 days of receiving the Court's order, to contact by U.S. mail and, if an e-mail address is known, by e-mail, all persons for whom he or any of his employees has prepared federal tax returns, amended tax returns, or claims for refund since January 2013, as well as all employees or independent contractors he or any of his employees have had since January 2013, and to inform them of the permanent injunction entered against him by sending each of them a copy of the order of permanent injunction, with no other enclosures unless approved by the Department of Justice or the Court;

  H. That the Court, pursuant to I.R.C. §§ 7402(a), enter an order requiring Jackson, within 45 days of receiving the Court's order, to file a declaration, signed under penalty of perjury, confirming that he has received a copy of the Court's order and complied with the terms described in Paragraphs F and G of this Complaint;

  I. That this Court permit the United States to conduct post-judgment discovery to ensure Jackson's compliance with the permanent injunction; and

  J. That this Court retain jurisdiction over Jackson, and over this action to enforce any injunction entered against him; and

K. That this Court grant the United States such other relief as the Court deems appropriate.

        Respectfully submitted,

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General
        U.S. Department of Justice, Tax Division

        */s/ Bradley A. Sarnell*
        BRADLEY A. SARNELL
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 55
        Washington, D.C. 20044
        202-307-1038 (v)
        202-514-5238 (f)
        Bradley.A.Sarnell@usdoj.gov

ILND 44 (Rev. 07/13/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
Juan Jackson, individually and d/b/a Juan's Tax Service, Accounting Services, and Nuday Financial

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Cook
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Bradley A. Sarnell, U.S. Department of Justice, Tax Division, P.O. Box 55, Washington, DC 20044. Tel.: 202-307-1038.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [x] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation-Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
*(Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)*
26 USC 7402, 7407, 7408. Action to enjoin tax return preparer.

## VII. Previous Bankruptcy Matters
*(For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)*

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## IX. RELATED CASE(S) IF ANY
*(See instructions)*: JUDGE _____ DOCKET NUMBER _____

## X. This case *(check one box)*
☒ Is not a refiling of a previously dismissed action
☐ is a refiling of case number _____ previously dismissed by Judge _____

DATE March 20, 2018
SIGNATURE OF ATTORNEY OF RECORD /s/Bradley A. Sarnell